

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| BOBBY ALEXANDER GILBERT, § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. 2:19-3356-MGL-MGB |
| § | |
| BRIAN KENDALL, § | |
| Respondent. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING WITH PREJUDICE THE PETITION,
AND DENYING ANY REQUEST FOR A CERTIFICATE OF APPEALABILITY**

Petitioner Bobby Alexander Gilbert (Gilbert) filed this as a 28 U.S.C. § 2254 petition against Brian Kendall (Kendall), Warden of the Lieber Correctional Institution, where Gilbert is currently incarcerated. Gilbert is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Kendall's motion for summary judgment be granted, Gilbert's petition be dismissed with prejudice, and any request by Gilbert for a certificate of appealability be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 4, 2020, and Kendall filed his objections on June 11, 2020. On July 21, 2020, the Clerk of Court entered what Gilbert titled a reply to Kendall's objections. But, given the content of Gilbert's submission, the Court will construe it as both a reply to Kendall's objections and Gilbert's objections to the Report (Gilbert's Submission).

Gilbert presents the following three grounds of relief in his Section 2254 petition:

| | |
|---|---|
| **Ground 1**: | Ineffective Assistance of Counsel, in violation of [Gilbert's] Sixth Amendment rights. |
| **Supporting Facts**: | Trial counsel failed to contemporaneously object to the *Batson* error at trial, which deprived [Gilbert] of any meaningful appeal. In addition, the state court's PCR ruling based on [counsel's] ineffectiveness with regards to raising the *Batson* claim was unreasonable pursuant to 28 U.S.C. § 2254. |
| **Ground 2**: | Ineffective Assistance of Counsel, in violation of [Gilbert's] Sixth Amendment rights. |
| **Supporting Facts**: | At the close of the [state']s case, although[ ] [Gilbert] was only charged with being the predicate of offenses so charged, specifically in a murder case. Once the state failed to meet its [b]urden of proof, did the state move to rely on "hands of one hands of [all."] [Lessening] the burden of proof upon the state, where no accomplice liability was charged by indictment. Depriving [Gilbert] of Due Process and any semblance of a fair trial. |
| **Ground 3**: | Ineffective Assistance of Counsel. |
| **Supporting Facts**: | [Counsel] failed to object to a *Belcher*-type jury charge, where the jury was allowed to ["infer"] malice by use of a deadly weapon. When such charge has been determined |

> unconstitutional by removing an essential element of the crime from the jury finding. In violation of [Gilbert's] Fifth, Sixth and [Fourteenth Amendment] rights.

Gilbert's Petition at 6, 8, 9 (citation omitted).

In recommending the Court grant Kendall's motion for summary judgment, the Magistrate Judge concludes that Grounds One and Two are procedurally defaulted. As to Ground Three, she considered the merits of the claim and suggests Gilbert has failed to demonstrate that he is entitled to habeas relief on this ground.

Turning now to Kendall's objections, although the Magistrate Judge suggests the Court rule in Kendall's favor and grant his motion for summary judgment, Kendall has made the unusual decision to object. In so doing, he argues the Magistrate Judge should not have considered the merits of Gilbert's claim in Ground Three. Instead, according to Kendall, the Magistrate Judge should have determined either that Ground Three is procedurally barred or that it is not cognizable on federal habeas review.

Concerning Kendall's procedurally-barred argument, the Fourth Circuit has long held that when it is more efficient for the district court to decide the merits issue, as opposed to whether the petitioner has defaulted his claims, the "court would not be justified in considering the procedural default issue." *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999). This is such a circumstance. That is, it is much clearer to this Court that Gilbert's Ground Three claim is meritless than that it is procedurally barred. As such, the Court concludes it "would not be justified in considering the procedural default issue." *Id*. Thus, the Court will overrule this part of Kendall's objections.

Kendall's not-cognizable argument fares no better. In Kendall's objections, he contends Ground Three is "not cognizable on federal habeas review because this Court sitting in federal

habeas will not re-interpret a matter of state criminal law." Kendall's Objections at 4. In suggesting that Ground Three is cognizable, however, the Magistrate Judge stated the following:

> An issue of whether a prisoner received ineffective assistance of counsel during their criminal trial is an issue of federal law that is cognizable in a federal habeas corpus action. The fact that the question of counsel's performance depends on a matter of state law does not render the claim not cognizable here.

Report at 11 (citations omitted).

Having carefully considered Kendall's argument, the Court concludes it need not decide whether Ground Three is a cognizable claim under Section 2254. Given the Magistrate Judge's comprehensive and well-reasoned decision basing her recommendation on the merits of Gilbert's Ground Three claim, the Court concludes judicial efficiency counsels it to consider the merits of the petition rather than deciding the cognizability question. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [merits] question priority . . . if it were easily resolvable against the habeas petitioner.").

In so doing, the Court notes Kendall agrees with the Magistrate Judge that "the claim of ineffective assistance of counsel . . . raised in Ground [T]hree is without any merit for the reasons" set forth in the Report. Kendall's Objections at 1 n.1. The Court concurs with both the Magistrate Judge and Kendall on this issue. Thus, the Court will overrule the not-cognizability portion of Kendall's objections, too.

As for Gilbert's submission, he makes arguments under two headings: "Reply to *Belcher* issue" and "The *Batson* claim.". But his contentions are so lacking in merit as not to require any discussion. Suffice it to say the Court agrees with the Magistrate Judge's treatment of the claims Gilbert makes in his submission. Accordingly, the Court will overrule Gilbert's objections, as well.

4

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules both party's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein.  Therefore, it is the judgment of this Court Kendall's motion for summary judgment is **GRANTED** and Gilbert's petition is **DISMISSED WITH PREJUDICE**.

To the extent Gilbert requests a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 20th day of January, 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.